UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4036 |
| | ) | |
| KASEY KRAMER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging claims under the First and Eighth Amendments and the Americans with Disabilities Act. The matter comes before this Court for ruling on several pending motions.

**Plaintiff's Motion for Preliminary Injunction (Doc. 35)**

Plaintiff alleges that Defendant Kramer discontinued his prescription for Ultram, an opioid pain medication that had previously been prescribed for his injuries occurring in August 2022. Plaintiff asks the Court to order defendants to provide the medication.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the

moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)). The Court, under most circumstances, cannot direct prison officials to take specific action. *Rasho v. Jeffreys*, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement).

The Seventh Circuit has routinely rejected Eighth Amendment claims based upon a preference for one type of medication over another absent evidence that the decision not to provide the medication at issue constituted a substantial departure from acceptable medical treatment. *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019). A prisoner is also not entitled to demand specific treatment, and his disagreement with the course of treatment provided is not independently sufficient to impose constitutional liability. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability).

Defendant Kramer indicates in an affidavit attached to her response that Plaintiff is presently prescribed medications to reduce nerve pain, inflammation, and pain. She states that the ongoing use of opioids was not medically indicated. Plaintiff has not presented evidence showing that Defendant Kramer failed to exercise the requisite medical judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc). The Court finds that Plaintiff has failed to show a reasonable likelihood of success on the merits. Plaintiff's motion is denied.

### Plaintiff's Motion to Request Counsel (Doc. 23)

28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously satisfied the first prong.

The second prong requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842, 844 (7th Cir. 2020). This assessment extends beyond the trial stage of proceedings to include "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. "Although there are no fixed criteria for

determining whether a plaintiff is competent to litigate his own case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). A district court may also consider the relative strength or weakness of a plaintiff's claims. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022).

Plaintiff states that he is a 66-year-old prisoner with hearing impairment and physical conditions that make it difficult to walk. He states that he does not speak English very well, has "serious difficultly pronouncing and understanding certain English words," and that he cannot read small print. Plaintiff alleges that he is on several medications for mental health and other conditions.

Plaintiff has personal knowledge of the facts and the medical treatment he has been provided. He should be able to obtain relevant medical records during the discovery process. Plaintiff indicates that he has received help from a jailhouse lawyer, and the Court cannot determine which pleadings represent his own ability to communicate in English. Plaintiff has litigated several cases in this district, and it appears he was able to communicate in those cases in the early stages. This case is not overly complex and does not appear that it will request expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied.

### Motions for Extension of Time (Docs. 28, 30, 31, 32, 40)

The parties' respective motions seeking extensions of time to respond to discovery, file dispositive motions on the issue of exhaustion of administrative remedies, and to disclose experts are granted. New deadlines are below.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [35] is DENIED.**

2) **Plaintiff's Motion [23] is DENIED with leave to renew.**

3) **Plaintiff's Motions [28][30] are GRANTED. Plaintiff shall tender initial disclosures as required by the Scheduling Order and respond to Defendants' discovery requests by December 15, 2025.**

4) **Defendants' Motions for Extension of Time [31][32] are GRANTED. Dispositive motions on the issue of exhaustion of administrative remedies shall be filed by December 15, 2025.**

5) **Defendants' Motion for Extension of Time [40] is GRANTED. Defendants shall disclose any experts by January 16, 2026.**

Entered this 12th day of November, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE